UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN KYLE,

    Plaintiff,

v.

NENA MARTIN THOMAS SIMS, ET AL.,

    Defendants.
    _____/

Case No. 06-12185

Honorable Nancy G. Edmunds

**ORDER DISMISSING CERTAIN § 1983 CLAIMS AND REMANDING STATE-LAW CLAIMS AND REQUIRING THE FILING OF AN AMENDED COMPLAINT**

On June 2, 2006, this Court issued an Order remanding Plaintiff's state law claims and requiring the filing of an amended complaint. An amended complaint was filed on June 14, 2006. Reading the complaint most liberally, as the Court is required to do for a pro se plaintiff, it determines that Plaintiff's claims under 42 U.S.C. § 1983 against private actors; i.e., Defendants Nena Martin Thomas Sims and Rosemarie Martin must be dismissed.

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, <u>acting under color of state law</u>, deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Defendants Nena Martin Thomas Sims and Rosemarie Martin are private parties and not state actors. Accordingly, Plaintiff fails to state a claim under § 1983 against these Defendants and they are hereby DISMISSED. The Clerk's entries of default [9 and 10] as to these Defendants, issued on June 15, 2006, are hereby VACATED.

Plaintiff also names the Family Independence Agency of Michigan, the State of Michigan Department of Human Services, and the State of Michigan Adult Protection Services as Defendants. "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983 . . . ." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (internal quote and citation omitted.) "It is well-settled that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* Accord *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997), *aff'd*, No. 97-2094, 1998 WL 894736 (6th Cir. Dec. 15, 1998). Because Plaintiff's § 1983 claims against the Family Independence Agency, Michigan's Department of Human Services, and the State's Adult Protection Services agency are construed as claims against the State of Michigan itself, they are thus barred by the Eleventh Amendment to the United States Constitution and are hereby DISMISSED. *Id.* Accordingly, the sole remaining Defendants are Monique King and Does 1-10.

Plaintiff bases her § 1983 claims on violations of her First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution. The claims alleging a violation of Plaintiff's Fifth (Am. Compl. ¶ 1) and Eighth Amendment (Count XII) rights fail to meet the requirements of Federal Rule of Civil Procedure 8(a). With regard to Plaintiff's claim of a Fifth Amendment violation, it should be noted that the Fifth Amendment applies to federal action, not to private action or state action. *Bolling v. Sharpe*, 347 U.S. 497 (1954), *Three Rivers Cablevision, Inc. v. City of Pittsburgh*, 502 F. Supp. 1118, 1134 (W.D. Pa 1980). Plaintiff has not suggested that any of the Defendants are associated with the federal government. With regard to Plaintiff's claim of an Eighth Amendment violation, it should be noted that formal adjudication of guilt in a criminal prosecution is a precondition

for protection under the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977). Plaintiff has not alleged that any constitutional violation occurred after a formal adjudication of guilt and thus has not alleged that she was entitled to Eighth Amendment protection. For these reasons, it is hereby ordered that Plaintiff SHALL FILE A SECOND AMENDED COMPLAINT on or before July 5, 2006 in compliance with Rule 8, OR THE COURT SHALL DISMISS THE CLAIMS under the Fifth and Eighth Amendments for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Further, since the parties to this action are non-diverse, the Court does not have independent jurisdiction over any state law claims set forth in the Amended Complaint. Thus, the Court declines to exercise supplemental jurisdiction over such state law claims so as to avoid jury confusion. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F. Supp. 1309 (E.D. Mich. 1994). *See also* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction). Therefore, Plaintiff's state-law claims, including, but not limited to, those in Count XIV for exemplary damages, are hereby REMANDED to Wayne County Circuit Court.

To summarize:

1. Plaintiff's § 1983 claims against Defendants Nena Martin Thomas Sims and Rosemarie Martin are DISMISSED;
2. The Clerk's entries of default as to these Defendants are VACATED;
3. Plaintiff's § 1983 claims against Defendants Family Independent Agency of Michigan, State of Michigan Department of Human Services, and the State of Michigan Adult Protection Services are DISMISSED;

4. The sole remaining Defendants are Monique King and Does 1-10;

5. As to Plaintiff § 1983 claims based on alleged violations of her Fifth and Eighth Amendment rights, Plaintiff is to file a second amended complaint on or before July 5, 2006 in compliance with Rule 8 or the Court shall dismiss those claims, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief can be granted;

6. If Plaintiff amends her complaint on or before July 5, 2006, she is not to include any state-law claims;

7. Plaintiff's state-law claims for exemplary damages (Count XIV) are REMANDED to the Wayne County Circuit Court;

8. Plaintiff's motion for preliminary injunction [6] is hereby STRICKEN because it addresses Defendants and claims that are now DISMISSED.

SO ORDERED.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  June 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 19, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager